Taylor *v.* Kain.

## WM. G. TAYLOR *v.* THOS. C. KAIN.

1. GARNISHEE. *Answer.* The answer of a garnishee should be clearly ascertained, and his approval of it distinctly shown, and it should be reduced to writing, and signed by him, as the most satisfactory mode of attesting his approval. When this is done he is bound by it; but when this is not done, and the justice renders a judgment on a mere verbal statement, the garnishee is not precluded from disputing the facts recited in the justice's judgment.

2. CIRCUIT COURT. *Judgment against garnishee.* It is error for the Circuit Court to render judgment upon the recitals in the justice's judgment; the Circuit Court should only render judgment upon the written answer of the garnishee made before it.

Case cited: Pickler *v.* Rainey, 4 Heis., 340.

### FROM HAMBLIN.

Appeal from the Circuit Court. JAS. H. RANDOLPH, Judge.

No name of counsel appears for plaintiff.

J. P. EVANS for defendant.

DEADERICK, J., delivered the opinion of the court.

Taylor recovered a judgment before a justice of the peace for Hamblin county against one Smith, and defendant Kain was summoned a garnishee before the justice, who rendered a judgment against Kain for $140. The justice recites in his judgment that Kain appeared and said that he was indebted to Smith $140, for which sum he rendered judgment against Kain. Execution issued, and Kain obtained writs of *certiorari* and *supersedeas* from Hon. Jas. R. Randolph, Judge of the Circuit Court, upon his petition denying that he had admitted an indebtedness of $140, but admitting that he had admitted he owed Smith forty dollars. He prays in his petition that the cause be brought into the Circuit Court to be re-tried. The Circuit Judge quashed the execution against Kain on his motion because the judgment was not rendered upon the answer of Kain, reduced to writing and signed by him, and plaintiff has appealed to this court.

The petitioner does not complain that the justice had no power to render judgment upon his answer, or pray that the execution should be quashed; he admits in his petition that he was liable for $40, which he afterwards paid, but denies his liability for more, and asks that he have the question of his further liability re-tried.

It is held in 4 Heis., 340, "That the answer of

Taylor *v.* Kain.

the garnishee should be clearly ascertained, and his approval of it distinctly shown," and that it should be reduced to writing and signed by him, as the most satisfactory mode of attesting his approval.

When this is done he is bound by it; but when this is not done the garnishee is not precluded from disputing the facts recited in the justice's judgment, and in the case in 4 Heis. it was held to be erroneous for the Circuit Court to render judgment upon the recitals in the justice's judgment. The Circuit Court should have taken the answer of the garnishee in this case in writing, putting such questions and allowing the creditor to put such questions as might tend to elicit the truth, and upon that pronounced the proper judgment. The petitioner himself asked in his petition that the case be restried, and it was error to quash the execution upon the motion of defendant, as the petition asks no such relief.

The judgment will be reversed, and the cause remanded for further proceedings.